UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JEFFREY ALAN OLSON, | Case No. 20-CV-1249 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA and HENNEPIN COUNTY, | |
| Defendants. | |

---

Jeffrey Alan Olson, pro se.

Liles H. Repp, UNITED STATES ATTORNEY'S OFFICE, for defendant United States of America.

This matter is before the Court on plaintiff Jeffrey Olson's objection to the October 7, 2020 Amended Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz. Judge Schultz recommends dismissing Olson's complaint without prejudice. The Court has conducted a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Olson's objection and adopts Judge Schultz's R&R.

Olson's original complaint asks that this Court order, among other things, that federal judges be appointed through a process that differs from the process prescribed by the United States Constitution—something that this Court obviously cannot do. ECF No. 1. Judge Schultz recommends dismissing Olson's complaint both because Olson

lacks standing to bring such a challenge and because the United States Constitution and principles of federalism prevent this Court from dictating how federal and state judges are appointed.  Olson's objection to the R&R does not challenge either conclusion.

Instead, Olson 's objection is focused on something that was not even mentioned in his original complaint and that was alluded to only vaguely in his amended complaint:[1] his dissatisfaction with marriage-dissolution and child-custody proceedings in which he was involved in state court in the late 1990s.  ECF No. 41.  As Judge Schultz points out, Olson cannot impose liability on Hennepin County based on the outcome of those state-court proceedings.  *See Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764–65 (8th Cir. 2019) (holding that the actions of state-court judges could not be imputed to the defendant county).

Judge Schultz recommends granting Olson an opportunity to again amend his complaint, apparently so that he can "assert a claim under the Servicemembers Civil Relief Act."  ECF No. 40 at 7.  Judge Schultz does not elaborate, and the Court is not optimistic that Olson can now assert a viable claim under the Act in connection with state-court proceedings that concluded over 20 years ago.[2]  But the United States does

---

[1]Because the first amended complaint appears to supplement, rather than replace Olson's original complaint, the Court adopts Judge Schultz's practice of reading the two complaints together.

[2]Olson alludes to the Act's provisions that protect a defendant who is in active
(continued...)

not oppose this recommendation, and Hennepin County has not made an appearance in this matter. *See* ECF No. 43 at 1. The Court will therefore adopt Judge Schultz's recommendation and afford Olson one final opportunity to amend his complaint. If Olson fails to do so within 30 days of this order, Olson's original and first amended complaints will be dismissed without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Olson's objection [ECF No. 41] and ADOPTS the October 7, 2020 R&R [ECF No. 40]. IT IS HEREBY ORDERED THAT:

1. The United States's motion to dismiss [ECF No. 8] is GRANTED IN PART.

2. Olson's complaint and first amended complaint [ECF Nos. 1, 24] are DISMISSED WITHOUT PREJUDICE.

3. Entry of judgment is STAYED until February 4, 2021 so that Olson may seek leave to file an amended complaint.

---

²(...continued)
military service from having a default judgment entered against him. *See* 50 U.S.C. § 3931. The Act gives a servicemember the right to file a motion to vacate a default judgment entered in violation of the Act. But that motion must be filed in the court that entered the judgment, § 3931(g)(1), and that motion must be filed "not later than 90 days after the date of the termination of or release from military service," § 3931(g)(2).

4. If Olson does not file a motion for leave to file an amended complaint by February 4, 2021, or if Olson's timely-filed motion is denied, judgment will be entered pursuant to this order.

Dated: January 5, 2021     s/Patrick J. Schiltz
                           Patrick J. Schiltz
                           United States District Judge